Judge Green
delivered his opinion.*
Possession -is indispensably necessary to support an action of Trespass, quare clausum, fregit; (See the cases collected 20 Vin. Abr. 463, pl. 9, 12, 13, 14;) and whether an infant can maintain such an action for a trespass done to his lands, whilst he is in the wardship of his Guardian, depends on the question, whether, in point of Law, the possession is in the Guardian, or Ward.
Our Statute concerning Guardians, recognizes only two descriptions of Guardians who have any power over the property of their Wards; Guardians in Socage, and those appointed by the father under that Statute, who are put in all respects upon the footing of the former, our Statute in this respect being a copy of the Statute of 12 Car. 2, ch. 14. Under that Statute it has been held, that although the Statutory Guardian, and Guardian in Socage, have no beneficial interest, yet their authority is coupled with a legal interest, and Is not barely an office. Shaftsbury v. Shaftsbury, Gilb. Rep. 172; Eyre v. Shaftsbury, 2 P. Wms. 102, S. C. It is an interest like that of a Trustee for the separate use of a married woman, an Exeecutor in trust, or an Administrator of an estate of which there is no surplus, after the payment of debts, all of whom have a legal, without any beneficial interest. When we consider the purposes for which the law appoints Guardians to infants, it is obvious that to enable them to effect the objects of their appointment, they must have a legal right to the exclusive possession and controul of the infant’s property, so long as the Guardianship continues, without which they could not manage the property beneficially for the infant, as by renting, or cultivating, and disposing of the produce of their lands, hiring their other property, and selling that Which is perishable, and which might otherwise be wholly lost. The infant being incapable-af^paking any contract in respect to these subjects, his Guardian could not make a valid contract in his name, and must of necessity transact all in relation to his Ward’s property, in his own name.
Accordingly, the authorities are uniform that a Guardian in Soc-age has a legal right to the possession and disposition of his Ward’s land, during the continuance of his Wardship. Littleton (B. 2, §■ *559 123,) takes this for granted, by stating that when the Guardianship terminates, the Ward may enter, and oust the Guardian. So the Guardian in Socage may justify the occupation of the land against the heir himself. Kelw. 46, b. He may grant a copyhold in reversion, or remainder, in his own name, as dominus pro tempore, 2 P. Wms. 122; Shopland v. Ryoler, Cro. Jac. 55 and 99: He may sue and avow in his own name, 2 P. Wms. 122: He may make a lease for years, during the Wardship, upon which an ejeetment may be maintained, 14 Vin. Abr. 185, pl. 4; and see Ibid.pl. 3, and 6, and cases there cited. He may have an action of Trespass against a stranger, for spoiling the grass in the Socage lands, in his own name, and, not in the name of his Ward. Br. Trespass, pl. 175; Br. Garden, pl. 5, cited in Vin. Abr. 196, pl. 3, note. He may have a Writ of Right of Ward, and recover the land and damages, as well as the body of the Ward, 14 Vin. Abr. 190, pl. 1, 2. He may have an ejectment of Ward, and if the Ward himself enters and ousts him of the land, he may recover it by a Writ of Intrusion of Ward. Br. Eject Custod. pl. 11, cited 14 Vin. Abr. letter N. pl. 1, note. And to the same effect was the Civil Law, from which the Law of in was in a taken. “ Tutores sive pupilli eorum, sive ipsi possident, possessorum loco habentur.” Dig. Lib. 2, c. 15, § 5. If the Defendant in this case had entered and cut and carried away the trees without the license of the Guardian, the Ward could not have maintained the action of Trespass. That would have belonged to the Guardian, who must have accounted to the Ward for the damages recovered. But, being done by the permission of the person legally in possession, there was no trespass whatever.
It was argued, that the trees being a part of the inheritance whilst standing, became, when severed from the soil, personal property belonging to the Ward, for whieh he might have maintained Trover, and that the misconception of the action is cured after verdict, by our new Statute of Jeofails. The Statute of Jeofails gives that effect to a verdict only when the verdict is given without exception, but here the objection is to the verdict itself, as given under a misdirection of the Court, and if improperly given, cannot cure any error. Besides, although it is true that when timber trees growing on lands held temporarily by another, are cut, or thrown down by tempest or otherwise, they become personal property belonging to the owner of the inheritance, for which he may maintain Trover against any one who takes them, oven the tenant ( Uvedale v. Uvedale, 15 Vin. Abr. 142, pl. 3,) yet, in this case, the Plaintif could not have maintained such an action against the Defendant, *560 because the moment the trees became personal property, the Guardian had a legal right to sell them, as being perishable,, and of no value, but as a subject of sale. The wrong, if any, done to the Plaintiff, must be compensated by the Guardian. The Judgment should be reversed, the verdict set aside, and a new.trial awarded, in which the instruction excepted to is not to be given, if again ask- '■ ed for.
The President and Judge Carr concurred.

 Absent, Judges Caiieie and Coai.ter